STEPHEN M. HAYES (SBN 83538)
RYAN Z. KELLER (SBN 249193)
BENJAMIN L. CHEN (SBN 325988)
HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE LLP
999 Skyway Road, Suite 310
San Carlos, California 94070
Telephone: (650) 637-9100
Facsimile: (650) 637-9101

Attorneys for Plaintiff
ALLIED WORLD SURPLUS LINES INSURANCE
COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SECURITY PROTECTION SERVICES, INC.; LYLE PARKS JR. CONSTRUCTION, INC.; ALBERTA DEVELOPMENT PARTNERS, LLC; ALBERTA TIERRA LUNA MANAGEMENT, LLC.; IRG DOWNEY, LLC.; PCCP IRG DOWNEY, LLC.; COMMAND PERFORMANCE CONSTRUCTORS, INC.; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO.<br><br>**ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT; DEMAND FOR JURY TRIAL** |

Plaintiff ALLIED WORLD SURPLUS LINES INSURANCE COMPANY ("hereinafter "Allied") complains of defendants as follows:

1137400

# I.

# INTRODUCTION

1.      Allied issued a Commercial General Liability policy to Security Protection Services, Inc. ("SPS").

2.      Plaintiffs Siakimativa Simeta ("Simeta") and Alfredo Perez ("Perez") filed lawsuits in Los Angeles Superior Court based on a September 23, 2015 car accident ("ACCIDENT") where Simeta drove into a light pole base in a commercial parking lot under development.

3.      The Simeta Action was filed on December 7, 2016, Case No. BC643011; and the Perez Action was filed on September 25, 2017, Case No. BC677157. These matters were deemed related and consolidated for trial purposes only. These cases are still in active litigation at the time of filing this lawsuit.

4.      Based on information and belief, the ACCIDENT occurred while Simeta and Perez were in the course and scope of their employment with SPS.

5.      In addition to SPS, Allied has named as defendants potential judgment creditors that filed cross-complaints against SPS in the consolidated action: Lyle Parks Jr. Construction, Inc. ("Lyle Parks"); Alberta Development Partners, LLC ("Alberta Development") [allegedly, per later filed documents, Alberta Tierra Luna Management, LLC ("Alberta Tierra") was the correct defendant (and possibly cross-complainant) and thus Allied has named both entities] (collectively "Alberta"); IRG Downey, LLC ("IRG Downey"); PCCP IRG Downey, LLC ("PCCP IRG Downey"); and Command Performance Constructors, Inc. ("Command Performance") (collectively "Potential Judgment Creditors").

6.      Allied is defending SPS in the defendants' cross-complaints as an intervening party subject to a full reservation of rights.

7.      Lyle Parks and Alberta Development tendered their defense to Allied in the Simeta Action.

8.      Allied denied Lyle Parks and Alberta Development's tender.

9.     Allied seeks a determination that there is no potential or actual coverage under the policy issued to SPS for any of the defendants for the underlying lawsuits.

## II.

## THE PARTIES

10.     Plaintiff Allied: Allied is, and at all times relevant was, an insurance company and corporation duly organized and existing under the laws of the State of Arkansas, incorporated under the laws of Arkansas, and with its principal place of business in Arkansas.  Accordingly, Allied is a citizen of Arkansas within the meaning of 28 U.S.C. § 1332.

11.     Defendant SPS: Allied is informed and believes and thereon alleges SPS is a suspended corporation organized and existing under the laws of the State of California, with its principal place of business in the State of California. Accordingly, SPS is a citizen of California within the meaning of 28 U.S.C. § 1332.

12.     Defendant Lyle Parks: Allied is informed and believes and thereon alleges that Lyle Parks has been at all relevant times a partnership duly organized and existing under the laws of the State of California, with its principal offices in Anaheim, California, and licensed to do business in the State of California. Accordingly, Lyle Parks is a citizen of California within the meaning of 28 U.S.C. § 1332.

13.     Defendant Alberta Development: Allied is informed and believes and thereon alleges that Alberta Development is a limited liability company duly organized and existing under the laws of the State of Colorado, with its principal offices in Greenwood Village, Colorado, with all of its managers citizens of Colorado, and licensed to do business in the State of California.  Accordingly, Alberta Development is a citizen of Colorado within the meaning of 28 U.S.C. § 1332.

14.     Defendant Alberta Tierra: Allied is informed and believes and thereon alleges that Alberta Tierra was a limited liability company duly organized and

existing under the laws of the State of California that dissolved in January 2020, with its principal place of business previously in Colorado, with all of its members citizens of Colorado or California, and licensed to do business in the State of California. Accordingly, Alberta Tierra is a citizen of Colorado and/or California within the meaning of 28 U.S.C. § 1332.

15.     Defendant IRG Downey: Allied is informed and believes and thereon alleges that IRG Downey is a limited liability company duly organized and existing under the laws of the State of California, with its principal place of business in California, with a sole manager or member residing in and a citizen of California, and licensed to do business in the State of California.  Accordingly, IRG Downey is a citizen of California within the meaning of 28 U.S.C. § 1332.

16.     Defendant PCCP IRG Downey: Allied is informed and believes and thereon alleges that PCCP IRG Downey is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in California, with a sole manager or member residing in and a citizen of California, and licensed to do business in the State of California.  Accordingly, PCCP IRG Downey is a citizen of California within the meaning of 28 U.S.C. § 1332.

17.     Defendant Command Performance: Allied is informed and believes and thereon alleges that Command Performance is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in California, and licensed to do business in the State of California.  Accordingly, Command Performance is a citizen of California within the meaning of 28 U.S.C. § 1332.

18.     Allied is ignorant of the names and capacities of the individuals or entities sued herein as Does 1 through 10, who may have been involved in the acts alleged herein.  Allied alleges that each of the Doe defendants sued herein are legally responsible in some manner for the events and happenings referred to herein, and plaintiff's damages as alleged were proximately caused by their conduct.

## III.

## JURISDICTION AND VENUE

19. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* Original jurisdiction in this matter is based upon 28 U.S.C. § 1332 due to the complete diversity of citizenship of the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs. Further, original jurisdiction is proper under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

20. The amount in controversy, exclusive of interest and costs, exceeds the value of $75,000. The Potential Judgment Creditors are defendants in underlying lawsuits where plaintiffs Siakimativa Simeta ("Simeta") and Alfredo Perez ("Perez") have made a global policy limits demand. (**Exhibit A.**) Plaintiffs' included a Life Care Plan on behalf of Simeta and estimated $7,800,000 million in damages.

21. Pursuant to 28 U.S.C. § 1391, venue in this district is proper because defendant SPS resides and is domiciled in Los Angeles County, California. Moreover, the underlying lawsuits giving rise to this action are pending in this district. Further, a substantial part of the events or omissions giving rise to the claim for insurance coverage occurred within Los Angeles County, California. Not only was the Allied insurance policy issued to SPS in Los Angeles County, California, but also the incident giving rise to SPS's alleged liability and the Potential Judgment Creditors' claims occurred in Los Angeles County, California.

## IV.

## GENERAL ALLEGATIONS

### A. Allied's Insurance Policy with SPS

22. Allied issued a Commercial General Liability insurance policy to SPS (amended by endorsement to include additional named insureds), policy number 5200-1205-01, with effective dates of November 15, 2014 to November 15, 2015 ("the Policy"). (**Exhibit B**.) The policy limits are $1,000,000 per occurrence.

23. The Policy's Commercial General Liability Conditions states, in part:

**2. Duties In The Event Of Occurrence, Offense, Claim, Or Suit**

   **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:
   (1) How, when and where the 'occurrence' or an offense took place;
   (2) The names and addresses of any injured persons and witnesses; and
   (3) The nature and location of any injury or damage arising out of the 'occurrence' or offense.

   **b.** If a claim is made or 'suit' is brought against any insured, you must:
   (1) Immediately record the specifics of the claim or "suit" and the date received; and
   (2) Notify us as soon as practicable.
   You or any additional insured must see to it that we receive written notice of the claim or 'suit' as soon as practicable.

   **c.** You and any other involved insured must:
   (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit';
   (2) Authorize us to obtain records and other information;
   (3) Cooperate with us in the investigation or settlement of the claim or defense against the 'suit'; and
   (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.
   (**Exhibit B**: Policy, Section IV – COMMERCIAL GENERAL LIABILITY CONDITIONS, p. 10-11 of 16.)

24. The Policy's Section I – Coverages Coverage A Bodily Injury and Property Damage Liability also contains an exclusion that states in part:

**2. Exclusions**

This insurance does not apply to:

…

**e. Employer's Liability**

"Bodily injury" to:
(**1**) An "employee" of the insured arising out of and in the course of:
(**a**) Employment by the insured; or
(**b**) Performing duties related to the conduct of the insured's business;

…

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".  (**Exhibit B**: Policy, SECTION I – COVERAGES COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, p. 2 of 16.)

25.     The Policy also contains Coverage D – Errors and Omissions Coverage with an exclusion that states in part:

**SECTION I – COVERAGES -** Is amended by adding the following additional coverage:
**COVERAGE D – ERRORS AND OMISSIONS LIABILITY**

…

**2. Exclusions -** This insurance does not apply to:

…

**f.  Employer's Liability –** Any liability arising out of injury or damage to any:
(**1**) "Employee" or "temporary worker" of yours arising out of and in the course of:
(**a**) Employment by you; or
(**b**) Performing duties related to the conduct of your business; or

…

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract". (**Exhibit B**: Policy, ENDORSEMENT – ERRORS AND OMISSIONS COVERAGE, p. 3 of 8.)

26. The Policy also contains an Exclusion- Designated Ongoing Operations Endorsement that modifies the Policy's Commercial General Liability Coverage that states in part:

**SCHEDULE**

**Description of Designated Ongoing Operation(s):**

Exclude All Security Guard Training Except for Training Provided For Your Own Employees.

**Specified Location (If Applicable):**

NA

…

The following exclusion is added to paragraph 2., Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I – Coverages):

This insurance does not apply to "bodily injury" or "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. (**Exhibit B**: Policy, EXCLUSION – DESIGNATED ONGOING OPERATIONS, p. 1 of 1.)

1137400

**B.** **The Underlying Simeta and Perez Actions and the Cross-Complaints Against SPS**

27.     Allied is informed and believes and thereon alleges that on or about September 23, 2015, during security guard training, Simeta drove into a light pole base with Perez in the passenger seat ("ACCIDENT").

28.     Allied is informed and believes and thereon alleges that Simeta and Perez were injured in the ACCIDENT.

29.     Allied is informed and believes and thereon alleges that Simeta and Perez were in the course and scope of their employment with SPS when the ACCIDENT occurred.

30.     Simeta filed a lawsuit alleging two causes of action for negligence and premises liability against Western Retail Advisors, Lyle Parks, Alberta Development, and Industrial Realty Group, LLC on or about December 7, 2016.  (**Exhibit C**.) Perez also filed a lawsuit on or about September 25, 2017 alleging two causes of action for negligence and premises liability against Simeta, Lyle Parks, Alberta Development, Industrial Realty Group, LLC, IRG Downey, and PCCP IRG Downey. (**Exhibit D**.)  SPS was not named as a direct defendant in either underlying lawsuit.

31.     The Simeta and Perez complaints alleged that the subject light pole was located in the Premises' parking lot.  Both complaints further alleged the parking lot contained light pole bases without the affixed light poles, that said bases sat approximately 36 inches above the ground, and were not marked with cones, caution tape or delineator of any type warnings to identify that the location constituted an alleged dangerous condition.  Both complaints further alleged that inadequate lighting made the light pole bases a dangerous condition on the Premises.

32.     On or about February 1, 2017, Lyle Parks filed its answer and cross-complaint against Roes 1 through 10.

33.     On or about July 12, 2017, Lyle Parks and Alberta Development sent a letter to Allied tendering their defense of the Simeta Action.  (**Exhibit E**.)

34.     On or about August 3, 2017, Alberta Development answered and filed its cross-complaint against Roes 1 through 100.  On or about January 11, 2018, Alberta Development amended its cross-complaint naming Roe 1 as Command Performance.  Alberta Development filed its first amended cross-complaint alleging the same on or about March 2, 2018.  (**Exhibit F**.)  Alberta Development did not allege an indemnity agreement or written contract with SPS.

35.     On or about February 1, 2018, IRG Downey filed its cross-complaint against Simeta, Command Performance, and Roes 1-200.

36.     Command Performance answered and filed its cross-complaint against Alberta Development, Industrial Realty Group, LLC, Lyle Parks, Western Retail Advisors, and Roes 1 to 50 for (1) comparative indemnity and apportionment of fault, (2) total equitable indemnity, and (3) declaratory relief in regards to the Simeta Action on or about February 20, 2018.  (**Exhibit G**.)   Command Performance did not allege an indemnity agreement or written contract with SPS.

37.     The following week, Lyle Parks filed its answer to plaintiff Perez's complaint.  Lyle Parks also filed its cross-complaint against Simeta, Command Performance, and Roes 1-200.  Lyle Parks filed its first amended cross-complaint alleging the same on or about March 2, 2018.

38.     IRG Downey also filed its first amended cross-complaint, which included PCCP IRG Downey as a joint cross-complainant on or about March 2, 2018.  (**Exhibit H**.)

39.     On or about March 23, 2018, the Court found that the Simeta and Perez lawsuits were related and ordered the two cases consolidated.  The order designated Simeta's Complaint (BC643011) as the lead case.

40.     On or about May 17, 2018, Alberta Development filed a Doe amendment naming SPS to its cross-complaint.  (**Exhibit I**.)

41.     On or about May 22, 2018, IRG Downey and PCCP Downey filed a Moe amendment naming SPS to its cross-complaint.  (**Exhibit J**.)  That same day,

Lyle Parks also filed a Doe amendment naming SPS to its cross-complaint.  (**Exhibit K.**)

42.   Allied ultimately denied Lyle Parks and Alberta Developments' tender on or about June 13, 2018 because Allied found there was no duty to defend or duty to indemnify either of them.  (**Exhibit L**.)

43.   Allied is informed and believes and thereon alleges that at some point in time, counsel for Alberta Development claimed that Alberta Tierra was the correct defendant.

44.   SPS is a suspended corporation because it was not in good standing with the State of California's Franchise Tax Board.  As such, SPS's corporate powers, rights, and privileges are suspended and SPS cannot defend itself against the cross-complaints as a matter of law.

45.   Allied retained counsel from Bradley & Gmelich to intervene in lieu of defending SPS in or around June 2018.

46.   On or about September 13, 2018, Command Performance filed a nearly identical cross-complaint in response to the Perez Action claiming the same causes of action.   SPS was included as a cross-defendant.  (**Exhibit M**.)

47.   Lyle Parks filed its second amended cross-complaint on or about November 20, 2018.  The second amended cross-complaint added three new causes of action specifically against SPS for (15) intentional misrepresentation/fraudulent concealment, (16) negligent misrepresentation, and (17) breach of oral contract.

48.   On or about January 18, 2019, Allied filed its motion to intervene in lieu of defending SPS to protect its interests in the Simeta Action.  Allied's motion to intervene went unopposed and was granted on or about March 7, 2019.  (**Exhibit N**.) Subsequently, Allied filed its cross-complaint in intervention against Lyle Parks, Alberta Development, Industrial Realty Group LLC, Western Retail Advisors, and Roes 1 through 50.  (**Exhibit O**.)

49.   Lyle Parks filed its third amended cross-complaint on or about April 18,

COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT

2019.  The third amended cross-complaint included an 18th cause of action for unfair business practices against SPS.  (**Exhibit P**.)

50.     On or about May 22, 2019, Command Performance filed its Roe 1 amendment naming SPS to its cross-complaint in the Simeta Action.  (**Exhibit Q**.) The following day, Command Performance allegedly served both of its cross-complaints to SPS.

## C.     Despite Allied's Diligence, Allied Experienced Extreme Difficulty in Gaining Cooperation from SPS

51.     Prior to Allied's intervention, SPS had been noncooperative and unresponsive in the underlying lawsuit.  Allied is informed and believes and thereon alleges that on or about December 12, 2017, Lyle Parks and Alberta Development allegedly issued deposition subpoenas and requests for document production to SPS. Allied is informed and believes and thereon alleges that despite multiple attempts to obtain SPS's compliance regarding the subpoena, Lyle Parks, Alberta Development, and deposition officers were unsuccessful.  Allied is informed and believes and thereon alleges that SPS allegedly did not respond to any meet and confer attempts.

52.     From the outset of Lyle Parks' tender letter, which prompted Allied's involvement in the matter, in July 2017 through early May 2018, Allied left multiple voice messages and an email correspondence to SPS and Chief Robert Edwards ("Chief Edwards") seeking the contract between Lyle Parks and SPS, and information regarding plaintiffs and the underlying claim.  However, SPS remained unresponsive.

53.     After almost a year, and only after seeking the assistance of SPS's insurance broker Brandon Riggs to reach out to SPS and Chief Edwards, Allied finally made contact with SPS's owner Chief Edwards on or about May 9, 2018.

54.     That same day, Chief Edwards mailed a letter to Allied's counsel informing him that a water pipe in the ceiling of their office broke, completely flooding and destroying all of SPS's records and computers.  (**Exhibit R**.)

55.     On or about March 22, 2019, Allied provided a reservation of rights letter to SPS.  Allied agreed to participate in the defense of SPS as to the Lyle Parks cross-complaint pursuant to the complete reservation of rights, including but not limited to, the right to withdraw from the defense and seek reimbursement of defense costs in the event that it was established that the matter did not fall within any exceptions to the Policy's exclusions.  (**Exhibit S**.)

56.     However, after Allied intervened in the action and the parties in the Simeta and Perez Actions began pursuing discovery, SPS became evasive and uncooperative.

57.     Command Performance began to seek the depositions of SPS's Person(s) Most Knowledgeable ("PMK") and Chief Edwards.  Allied is informed and believes and thereon alleges that from July 2019 through October 2019, depositions were noticed on three separate occasions.  However, Allied's counsel was unable to successfully make contact and correspond with SPS and Chief Edwards.  The depositions were ultimately taken off-calendar.

58.     On or about August 12, 2019, Allied also mailed a supplemental reservation of rights letter to SPS that disclaimed coverage for the defense and indemnity to Command Performance's cross-complaint in its entirety because of applicable exclusions under the Policy.  Allied informed SPS that it continued to reserve all rights for coverage to Lyle Parks' cross-complaint in the event it did not fall within any Policy exceptions.  (**Exhibit T**.)

59.     In or around November 2019, Chief Edwards finally responded to Allied's counsel.  However, when Allied's counsel requested to set deposition dates in December 2019, Chief Edwards expressly stated he was not going to cooperate.  Chief Edwards indicated to Allied's counsel that he would pray and then decide.  Further text correspondence from Allied's counsel to Chief Edwards regarding setting deposition dates only returned incomprehensible bible scripture responses.  (**Exhibit U**.)

-13-

60.     On or about November 27, 2019, Allied sent an email and supplemental reservation of rights to SPS and Chief Edwards requesting for cooperation with the investigation.  (**Exhibit V**.)  Allied emphasized that failure to cooperate could put SPS's coverage at risk.  Allied requested SPS and Chief Edwards to cooperate and contact Allied's counsel in the defense of the matter, provide any available and relevant records and set deposition dates.  Neither SPS nor Chief Edwards responded.

61.     On or about December 9, 2019, Command Performance wrote a meet and confer letter to Allied demanding it would be forced to file motions to compel and seek sanctions if deposition dates were not provided.  Allied sent another letter via regular mail to schedule Chief Edward's deposition on or about December 10, 2019.  However, again, neither SPS nor Chief Edwards responded.

62.     On or about December 12, 2019, Lyle Parks served deposition notices for SPS's PMK and Chief Edwards.  However, Allied was still unable to make contact and correspond with SPS and Chief Edwards.  Allied objected to Lyle Parks' deposition notices and the depositions did not proceed.

63.     Allied sent a certified letter to Chief Edwards on or about December 16, 2019 about scheduling his deposition.  Delivery was attempted on December 18, 2019, January 22, 2020, and January 27, 2020; however, delivery was ultimately unsuccessful.

64.     Subsequently, Allied hired an investigator to locate Chief Edward's whereabouts and seek his cooperation.

65.     On or about January 9, 2020, Allied again emailed Chief Edwards seeking his participation.  Allied sent another email to Chief Edwards and left another voicemail regarding the same on or about January 21, 2020.  Chief Edwards did not provide any response.

66.     Allied's Investigator, RCServices visited SPS's offices and advised SPS's receptionist, Tasha Edwards, Chief Edwards' daughter, that Allied sought Chief Edwards' cooperation pertaining to the underlying Simeta and Perez Actions.

1137400

Ms. Edwards provided that she would inform Chief Edwards and have him contact Allied or RCServices.  (**Exhibit W**.)  However, Chief Edwards did neither.

67.     From January 2020 and into February 2020, RCServices revisited SPS's office on several occasions attempting to make contact with Chief Edwards.  On multiple occasions, RCServices provided employees with contact information to pass on to Chief Edwards and relevant documents and letters pertaining to the Simeta and Perez Actions.  Moreover, Ms. Edwards assured that all of the documents and contact letters had been delivered to Chief Edwards.  (**Exhibit X**.)  However, Chief Edwards provided no response to any of the documents and letters.

68.     RCServices concluded its assignment without ever being able to reach Chief Edwards.

69.     On or about February 5, 2020, Command Performance filed motions to compel the depositions of SPS's PMK and Chief Edwards and requested monetary sanctions totaling of $3,984.

70.     On or about February 19, 2020, Allied again left a voice message and emailed Chief Edwards, advising the necessity of his cooperation and that failure to cooperate could jeopardize SPS's coverage.  Allied left the same message in an email the following week.  Again, Chief Edwards did not respond.

71.     On or about March 27, 2020, Lyle Parks also filed motions to compel the depositions of SPS's PMK and Chief Edwards and requested monetary sanctions totaling $3,542.50.

72.     In or around April 2020, Allied's prior counsel substituted out of the matter.  (**Exhibit Y**.)

73.     Allied's new counsel sent a supplemental reservation of rights to SPS and Chief Edwards by way of email and certified mail on May 11, 2020 reiterating that SPS had a duty to cooperate with Allied.  (**Exhibit Z**.)  Neither SPS nor Chief Edwards responded to the email.  After multiple attempts at delivery, the certified

mail was marked undeliverable and returned to Allied's counsel on June 24, 2020. (**Exhibit AA**.)

74.    On or about June 18, 2020, Alberta Tierra, Lyle Parks, PCCP IRG Downey, and IRG Downey served its joint deposition notices for SPS's PMK and Chief Edwards.

75.    On or about July 22, 2020, Allied objected to the deposition notices. (**Exhibit BB**.)

76.    Despite Allied's objections, counsel for Alberta Tierra, Lyle Parks, PCCP IRG Downey, and IRG Downey moved forward with the deposition of SPS's PMK on or about July 30, 2020.  SPS's PMK did not appear for its deposition and a Certificate of Nonappearance by SPS's PMK was entered.  (**Exhibit CC**.)

77.    On or about September 14, 2020, Allied sent its reservation of rights to SPS and Chief Edwards disclaiming coverage to Alberta Development, IRG Downey and PCCP IRG Downey's cross-complaints in their entirety because of applicable exclusions under the Policy and citing to the Security Guard Training exclusion. (**Exhibit DD**.)

78.    That same day, Allied sent an email to SPS and Chief Edwards informing them of the Court's tentative order, in which the Court stated it would consider imposing issue sanctions to preclude any party (including Allied) from offering any witnesses, documents, or evidence from SPS.  (**Exhibit EE**.)

79.    On or about September 15, 2020, Allied sent a letter to SPS and Chief Edwards advising them that the Court adopted its tentative order, and that Chief Edwards was ordered to appear at the next properly noticed deposition.  (**Exhibit FF**.)

80.    SPS has failed to cooperate with Allied since approximately November 2019.

**D.    Allied Suffered Actual, Substantial Prejudice to Due to SPS's Lack of Notification and Cooperation**

81.    Allied is actually and substantially prejudiced by SPS's failure to notify Allied regarding a claim and/or the lawsuits in the Simeta and Perez Actions for the following reasons: Allied is informed and believes and thereon alleges that had SPS provided timely notice of the claim upon its inception and/or the lawsuits, Allied would have had employment and training records that would not have been destroyed by the flood because they would have been in Allied's possession and it would have had a timelier and more comprehensive investigation of the witnesses and the scene of accident to reduce liability, damages, and the settlement value.

82.    Allied has exercised reasonable diligence in obtaining SPS's cooperation.

83.    Allied is actually and substantially prejudiced by SPS's failure to cooperate with Allied in the Simeta and Perez Actions for the following reasons:

(1) Allied is informed and believes and thereon alleges that had SPS cooperated, Allied would be able to reduce liability, damages, and settlement value by asserting a defense of Labor Code section 3864 and filing motions regarding same based on Simeta and Perez's employment status and the lack of a written contract for indemnity in effect at the time of the ACCIDENT;

(2) Allied is informed and believes and thereon alleges that had SPS cooperated, Allied would be able to reduce liability, damages, and settlement by defending against SPS's contractual obligations with the Potential Judgment Creditors based on testimony regarding the existence or contents of a written contract in effect at the time of the ACCIDENT; and

(3) SPS's ongoing refusal to cooperate has increased SPS's liability and exposed SPS to further damages because Allied has been unable to obtain SPS's declarations and deposition testimony, factual information, and documents to defend against the Potential Judgment Creditors' claims.

# V.

## FIRST CAUSE OF ACTION

### Declaratory Relief

### (Against All Defendants and DOES 1 through 10)

84.   Allied incorporates paragraphs 1 through 83 as though fully set forth herein.

85.   An actual controversy has arisen between plaintiff and defendants herein, and each of them, concerning their respective rights and duties under the Policy issued by Allied as follows:

    a.   SPS breached its duty to notify Allied regarding the underlying claim and/or lawsuits and in so doing, SPS breached condition precedents to coverage under the Policy and Allied was actually and substantially prejudiced thereby;

    b.   SPS breached its duty to cooperate and interfered with Allied's right to defend SPS against the Lyle Parks, Alberta, IRG Downey, PCCP IRG Downey, and Command Performance cross-complaints arising from the Simeta and Perez Actions, and in so doing, SPS breached condition precedents to coverage under the Policy and Allied was actually and substantially prejudiced thereby;

    c.   Allied has no obligation to provide a defense or indemnity to SPS because the Policy's Employer's Liability exclusion precludes coverage in the event Simeta and Perez were SPS employees in the course and scope of their employment and the Insured Contract Exception does not apply because

1137400

there is insufficient evidence of any written indemnity agreement between the Potential Judgment Creditors and SPS in effect at the time of the ACCIDENT, and Labor Code section 3864 is applicable;

d. Allied has no obligation to provide a defense or indemnity to SPS because Insurance Code section 533 is applicable and Allied is not responsible for a loss caused by willful acts of SPS;

e. Allied has no obligation to provide a defense or indemnity to for SPS because the Policy's Training Exclusion Endorsement applies if Simeta and Perez were not SPS employees at the time of incident;

f. Allied has no duty to defend SPS or to intervene on behalf of SPS for the Lyle Parks, Alberta, IRG Downey, PCCP IRG Downey and Command Performance cross-complaints in the Simeta and Perez Actions;

g. Allied has no duty to indemnify SPS for the Lyle Parks, Alberta, IRG Downey, PCCP IRG Downey and Command Performance cross-complaints in the Simeta and Perez Actions;

h. The Potential Judgment Creditors are not named or additional insureds under the Policy regarding the Simeta and Perez Actions;

i. Allied has no duty to defend the Potential Judgment Creditors for the Simeta and Perez

1137400

**COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT**

Actions; and

j.     Allied has no duty to indemnify the Potential
       Judgment Creditors for the Simeta and Perez
       Actions.

86.   As a result, an actual controversy exists as described herein and this court may declare the rights and other legal relations of the parties pursuant to the Declaratory Judgment Act, 22 U.S.C. section 2201.

87.   A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties, and obligations under the Policy.

## VI.

## SECOND CAUSE OF ACTION

### Breach of Contract

### (Against Defendant Security Protection Services, Inc. and DOES 1-10)

88.   Allied incorporates paragraphs 1 through 87 as though fully set forth herein.

89.   SPS breached the Policy because SPS breached its duties to notify and/or cooperate, which interfered with Allied's right to defend SPS against the Lyle Parks, Alberta, IRG Downey, PCCP IRG Downey and Command Performance cross-complaints.

90.   SPS's failure to provide timely notice of the claim upon its inception, actually and substantially prejudiced Allied's ability to obtain critical employment and training records that would not have been destroyed by the flood because they would have been in Allied's possession.  Moreover, Allied would have had a more comprehensive investigation of the witnesses and the scene of accident to reduce liability, damages, and the settlement value.

91.   SPS's ongoing refusal to cooperate has prevented SPS from obtaining documents, witnesses, and facts to defend against the Potential Judgment Creditors'

claims.  As such, Allied is actually and substantially prejudiced by the lack of cooperation.

92.     Accordingly, SPS breached condition precedents to coverage under the Policy.

93.     As a result of SPS's above-mentioned breaches of the Policy, Allied has been actually and substantially prejudiced because timely notice and/or cooperation would have reduced SPS's liability, SPS's damages, or settlement in the Simeta and Perez Actions.

94.     As a result of SPS's above-mentioned breaches of the Policy, Allied has no obligation to provide insurance coverage for SPS.  Moreover, Allied has no duty to defend or indemnify SPS.

## VII.

## PRAYER

**WHEREFORE**, Allied prays for judgment against defendants, and each of them, as follows:

1.     For a judgment declaring that SPS breached its duties to notify and cooperate, and interfered with Allied's right to defend SPS on the cross-complaints in the Simeta and Perez Actions resulting in actual and substantial prejudice to Allied, and in so doing, SPS breached condition precedents to coverage under the Policy;

2.     For a judgment declaring that Allied has no duty to defend SPS or to intervene for SPS in the Lyle Parks, Alberta, IRG Downey, PCCP IRG Downey and Command Performance cross-complaints related to the Simeta and Perez Actions;

3.     For a judgment declaring that the Policy's Employer's Liability exclusions preclude coverage because Simeta and Perez were SPS employees in the course and scope of their employment and that the Insured Contract exception does not apply because there is no evidence of any written indemnity agreements and Labor Code section 3864 is applicable;

4.     For a judgment, in the alternative, that if the Policy's Employer's

1    Liability exclusions do not apply, the Policy's Training Endorsement applies;

2       5.      For a judgment declaring that Allied is not liable for a loss caused by

3    SPS's willful acts pursuant to Insurance Code section 533;

4       6.      For a judgment declaring that the Potential Judgment Creditors are not

5    named or additional insureds under the Policy and not entitled to a defense or

6    indemnity;

7       7.      For general and special damages in an amount according to proof;

8       8.      For such relief as the Court may deem appropriate.

9

10   Dated:  September 18, 2020          HAYES SCOTT BONINO ELLINGSON
                                        GUSLANI SIMONSON & CLAUSE, LLP
11

12

13                                      By:      /S/ Ryan Z. Keller
                                              STEPHEN M. HAYES
14                                            RYAN Z. KELLER
                                              BENJAMIN L. CHEN
15                                            Attorneys for Plaintiff
                                              ALLIED WORLD SURPLUS LINES
16                                            INSURANCE COMPANY

17

18

19

20

21

22

23

24

25

26

27

28

1137400

**COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT**

1

## **DEMAND FOR JURY TRIAL**

2  Allied hereby demands a trial by jury pursuant to Rule 38(b) of the Federal
3  Rules of Civil Procedure.

4

5  Dated:  September 18, 2020          HAYES SCOTT BONINO ELLINGSON
6                                     GUSLANI SIMONSON & CLAUSE, LLP

7

8                                     By:      */S/ Ryan Z. Keller*
9                                           STEPHEN M. HAYES
                                           RYAN Z. KELLER
10                                          BENJAMIN L. CHEN
                                           Attorneys for Plaintiff
11                                          ALLIED WORLD SURPLUS LINES
                                           INSURANCE COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1137400

**COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT**